IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

KWAME A. EADDY

    Plaintiff,

v.

CONTINENTAL PROPERTIES LLC 120,
d/b/a Springs at Palma Sola

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

COMES NOW, Plaintiff, Kwame A. Eaddy by and through the undersigned counsel, hereby bring this suit for declaratory judgment and damages against Defendant, Continental Properties LLC 120, doing business as Springs at Palma Sola, and in support states and alleges as follows:

1. This is an action for declaratory judgment and damages against Defendants for their discriminatory based on race in violation of the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq*.

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, because they arise under the Civil Rights Act of 1866, 42 U.S.C. § 1981 and § 1982 and the Federal Fair Housing Act, 42 U.S.C. § 3604, and violation of the Florida Fair

Housing Act-specifically, Section 760.23(1); 760.23(2); and 760.23(3), Florida Statutes.

3. The events giving rise to the claims alleged in this Complaint arose within Bradenton, Florida which is within the Middle District of Florida. 28 U.S.C. § 89(b). Venue in this Court is therefore proper pursuant to 28 U.S.C. § 1441(a).

## PARTIES

4. Plaintiff, Kwame A. Eaddy, ("Eaddy" or "Plaintiff") identifies as a person of African American race. As such belongs to a class of persons whom the Fair Housing Act ("the Act") protects from unlawful discrimination by race, a resident of Bradenton, Florida and is otherwise sui juris.

5. Defendant, Continental Properties LLC 120, ("Continental Properties" or "Defendant") a Foreign Profit Corporation, authorized to do business in Florida. "Continental Properties" is a corporate leader and developer that owns and operates Springs, a national brand of residential communities, located in premier locations throughout the country, and including "Springs at Palm Sola", located at 4601 66th St W, Bradenton, FL 34210.

## FACTS

6. Plaintiff belongs to a class of persons whom the Fair Housing Act ("the Act") protects from unlawful discrimination by virtue of his race–African American, and color - Black.

7. Defendants "Continental Properties" owns and operates Springs at Palm Sola Apartments, enforcing the declarations, covenants, rules, and regulations of "Springs at Palm Sola".

8. Plaintiff is a former tenant of "Springs at Palma Sola Apartments" located at 4601 66th Street West, Bradenton, Florida, 34210, which is subject to the rules and regulations.

9. Plaintiff's tenancy at "Springs at Palma Sola" property started on December 7, 2018. Plaintiff renewed his lease on October 11, 2019, for the term period of December 3, 2019, to November 27, 2020.

10. Plaintiff was not delinquent on rental payments during his tenancy.

11. Plaintiff several requests for maintenance were ignored by Defendant, and not completed, as such these services were not provided or available for Plaintiff's use, consistent with the terms and conditions, policies, and procedures established by "Springs at Palma Sola" for all persons who were qualified or eligible for services or use of facilities.

> Section 26 of the Lease Agreement states that "requests for repairs, installations, services, or security related matters ... must be submitted through either the online tenant/maintenance portal or signed and in writing and delivered to [Respondents'] designated representative ... written notes on your oral request do not constitute a written request from you."

12. Plaintiff's first requested maintenance services on January 14, 2019, when he submitted a written notice, identifying issues with rodents, paint, windows, and the leveling of his stove.

13. Plaintiff's requested maintenance services on nine occasions, including pressure washing services on October 11, 2019, October 22, 2019, December 9, 2019, December 17, 2019. According to "Springs at Palma Sola" records October 11, 2019, work order is the only one that indicated pressure washing was conducted.

14. Plaintiff visited the management office and interacted with workers several times throughout his tenancy at "Springs at Palma Sola" and stated how upset he was about how his maintenance requests were handled, and in some of those occasion claimed that his requests were handled in a discriminatory manner.

15. Plaintiff first discrimination claim to "Springs at Palma Sola" was on or around March 3, 2019.

16. On December 9, 2019, Plaintiff called "Continental Properties" about his several maintenance requests and accused "Springs at Palma Sola" of ignoring his requests for over a year. On the same day "Springs at Palma Sola" sent a Disturbance Notice to Plaintiff.

17. After receiving the Disturbance Notice on December 9, 2019, Plaintiff requested permission to terminate his lease early, but "Springs at Palma Sola" denied his request.

18. On January 25, 2020, shortly after submitting his requests for maintenance once again, Plaintiff received an e-mail for noncompliance due to no longer having renter's insurance.

19. On January 26, 2020, Plaintiff replied to Springs at Palma Sola" advising that he still had Geico renter's insurance and provided documentation proof that he had renter's insurance and that it never lapsed.

20. When Plaintiff tried to use the portal to pay his February rent, noticed additional charges in his account for noncompliance.

21. On February 4, 2020, Plaintiff went to the management office regarding the additional charges placed in his account, and requested "Springs at Palma Sola" the removal of those charges for lacking rental insurance and provided proof of insurance. However, advised that the fee could not be removed.

22. According to "Springs at Palma Sola" special provision of the Lease Addendum: Liability Insurance Required of Resident states, "A fee of $50 will be charged to the renter's account if a lapse in renter's insurance coverage occurs. This fee will occur each month until unit becomes compliant with insurance requirements."

23. "Springs at Palma Sola" rejected the February 2020 rent check submitted by Plaintiff because it did not include the $50 renter's insurance fee, and they do not accept partial payments. The payments section of the Lease Agreement states, "We do not have to accept and may reject, at any time and at our discretion, any third-party checks or any attempted partial payment of rent or other payments."

24. On February 4, 2020, "Springs at Palma Sola" provided Plaintiff with a Seven-Day Notice to Vacate, stating that he must move out.

25. On February 14, 2020, "Springs at Palma Sola" filed an eviction against Plaintiff in Manatee County Court; and Voluntarily Dismissed Without Prejudice on April 1, 2020. Therefore, knew the Plaintiff's protected class when issued a Seven-Day Notice to Vacate on February 4, 2020.

26. "Springs at Palma Sola", with knowledge of Plaintiff's protected class, willfully failed to provide services to Plaintiff under the same terms and conditions that were applicable to all persons who were qualified or eligible for services or use of the facilities.

27. "Springs at Palma Sola", with knowledge of Plaintiff's protected class, was threatened, attempted, or evicted Plaintiff for one or more violations of the rules.

28. Plaintiff moved out of "Springs at Palma Sola" on February 15, 2022.

29. On March 21, 2022, the Florida Commission on Human Relations issued determined there is reasonable cause to believe, that Plaintiff was subjected to discriminatory housing practice from "Springs at Palma Sola" with regards to the allegations of discriminatory terms, conditions, privileges, or services and facilities and discriminatory eviction. The Statute of Limitations was tolled by the filing of an administrative complaint with the Commission.

30. Plaintiff was subjected to discriminatory terms and conditions based on his Race, and because of his race and noticed that he was treated differently than his white neighbors. This disparate treatment included Plaintiff being provided violations for issues that his white neighbors where not chastised for.

31. As a result of Defendants actions, Plaintiff has suffered mental anguish, grievous emotional distress, embarrassment, shame, worry, frustration, humiliation, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

32. The actions of the Defendants were in deliberate disregard to Plaintiff's federal and state protected rights.

33. Any other conditions precedent to the filing of this action has been satisfied or has been waived.

34. Plaintiff has retained J. Courtney Cunningham, PLLC., to represent him on these actions and has agreed to pay a reasonable fee for their services.

**COUNT I – VIOLATION OF 42 U.S.C. § 3604(b)**

35. Plaintiff hereby reasserts by reference in this Count I the allegations of Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. At all times material "Springs at Palma Sola" was substantially involved in all discriminatory actions against the Plaintiff and were in the scope of their agency "Continental Properties", that ratified all discriminatory actions.

37. According to "Springs at Palma Sola" Plaintiff was issued a Disturbance Notice on December 9, 2019, and a Notice to Vacate on February 4, 2020, because he "unreasonably disturbed the employees of the management team." This conduct is considered a violation of the Prohibited Conduct section of the Lease Agreement.

Below is the relevant excerpt from the Prohibited Conduct section of the Lease Agreement:

> 20. PROHIBITED CONDUCT. You, your occupants or guests, or the guests of any occupants, may not engage in the following activities: behaving in a loud or obnoxious manner; disturbing or threatening the rights, comfort, health, safety, or convenience of others [including our agents and employees) in or near the apartment community; disrupting our business operations; engaging in or threatening violence; possessing a weapon prohibited by state law; discharging a firearm in the apartment community. You agree to communicate and conduct. yourself at all times in a lawful, courteous, and reasonable manner when interacting, with our employees, agents, independent contractors, and vendors; other residents, occupants, guests or invitees; or any other person on the premises. You agree not to engage in any abusive behavior, either verbal or physical, or any form of intimidation or aggression directed at our employees, agents, independent contractors, and vendors; other residents, occupants, guests or invitees; or any other person on the premises. If requested by us, you agree to conduct all further business with us in writing. Any violation of this paragraph shall be a material breach of this lease and will entitle us to exercise all rights and remedies under the lease and law.

38. However, on several instances "Springs at Palma Sola" knowingly permitted other similarly situated residents who belonged to a comparable class of persons to commit similar violations of the rules without taking any action or threatening to take any action comparable to the action taken against Plaintiff.

39. As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiff has suffered irreparable loss and injury including, but not limited to mental anguish, grievous emotional distress, embarrassment, shame, worry, frustration, humiliation, and loss of capacity for the enjoyment of life. These

losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

40. Moreover, the aforementioned acts s of Defendants was so reckless or wanting in care that it constituted a conscious disregard or indifference to the protected rights of Plaintiff who was exposed to such conduct.

## COUNT II – VIOLATION OF 42 U.S.C. § 1982

41. Plaintiff hereby reasserts by reference the allegations of Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

42. Pursuant to 42 U.S.C. § 1982, this is a claim against Defendants for their deprivation of Plaintiff's right to hold property to the same extent as white citizens of the United States.

43. As a result of the discriminatory acts and omissions described hereinabove, the Defendants have denied Plaintiff's right to hold property to the same extent as white citizens because of his race.

44. Defendants' deprivation of Plaintiff's rights because of his race is illegal and morally reprehensible.

45. As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiff has suffered mental anguish, grievous emotional distress, embarrassment, shame, worry, frustration, humiliation, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

46. Moreover, the acts and omissions of Defendants were so reckless or wanting in care that it constituted a conscious disregard or indifference to the protected rights of Plaintiff who was exposed to such conduct.

**WHEREFORE**, Plaintiff, Kwame A. Eaddy demands judgment against Defendants, Continental Properties LLC 120, d/b/a Springs at Palma Sola Apartments as follows:

a. That the Court declare that the actions of the Defendants violated the Fair Housing Amendments Act by discriminating against persons based on their color or race;

b. Order Defendants to establish objective policies and procedures to ensure there is no further discrimination based on race or color;

c. That the Court enjoin Defendant to ensure that each and every residential property owned by Defendant Continental Properties to ensure that objective policies and procedures are available and enforced to prevent further discrimination.

d. Order Defendant to provide notices to all residents of Springs at Palma Sola in which they manage of rights under the Fair Housing Act;

e. Order that the Defendants instruct all of its employees, agents, independent contractors and/or other persons who deal with the rental or management of any and all housing currently managed and/or controlled by Defendants, of the terms of the Court's Order and the Fair Housing Act, Fair Housing Act and implementing regulations;

f.   Award of appropriate compensatory and punitive damages to Plaintiff, against Defendants to compensate Plaintiff for her actual damages and for the humiliation, embarrassment and emotional distress cause by the Defendants' discriminatory actions;

g.   Find that Plaintiff is entitled to an award of attorneys' fees and costs, and reserve ruling as to the amounts and the applicable multiplier until the conclusion of the trial on this matter;

j.   And grant any other such relief as this Court deems just and equitable.

**THE PLAINTIFFS DEMAND A JURY TRIAL FOR ALL SUCH ISSUES SO TRIABLE IN THIS MATTER.**

Respectfully Submitted on this February 3, 2023.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
T:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*